```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CM SYSTEMS, LLC,                    :
                                    :
   plaintiff,                       :
                                    :
v.                                  :    CASE NO. 3:22cv624(JCH)
                                    :
TRANSACT TECHNOLOGIES INC.,         :
                                    :
   defendant.                       :
```

### RULING ON DEFENDANTS'S MOTION FOR A PROTECTIVE ORDER

Pending before the Court is the defendant's motion for a protective order to prevent the deposition of the CEO of TransAct John Dillon. (Dkt. #145.) Following the plaintiff's emergency response to the motion (dkt. #147), the Court held oral argument on May 10, 2023.  Upon consideration of the briefs and the arguments made at oral argument, defendant's motion for a protective order is GRANTED.

Under Federal Rule of Civil Procedure 26(c) a Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Courts within the Second Circuit have allowed parties to seek a protective order to prevent the deposition of a so-called "apex" employee.  A court applying Rule 26(c), "may prohibit a party from deposing senior corporate executives where 'the party has not established that the executive has some

1

unique knowledge pertinent to the issues in the case' or where the party can obtain the desired information through less intrusive means." Weber v. FujiFilm Med. Sys. U.S.A., Inc., No. 3:10-CV-401-JBA, 2011 WL 677278, at *2 (D. Conn. Jan. 24, 2011)(quoting Rodriguez v. SLM Corp., No. CIV3:07CV1866WWE, 2010 WL 1286989, at *2 (D. Conn. March 26, 2010)).

> Likelihood of harassment and business disruption are factors to be considered in deciding whether to allow discovery of corporate executives.  Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a[ ] deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned.

Burns v. Bank of Am., No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, at *3 (S.D.N.Y. June 4, 2007)(internal quotation and citation omitted).

In this case the plaintiff has failed to demonstrate that Mr. Dillon, the current CEO of TransAct, possesses unique knowledge that can not be readily obtained by deposing other lower level executives and employees.  In fact, during the oral argument CM Systems' counsel indicated that CM Systems might be able to obtain the sought after information from other lower level sources.  Those lower level depositions simply have not yet taken place.  As such, "plaintiffs have not 'sought to question lower level corporate officials with similar knowledge before asking this Court to compel the depositions of [higher

level executives].'"  Rodriguez v. SLM Corp., No. CIV3:07CV1866WWE, 2010 WL 1286989, at *2 (D. Conn. March 26, 2010)(granting a protective order quashing deposition subpoenas for two former senior level executives where plaintiffs could not show that the apex witnesses possessed information that could not be obtained from lower level employees or other sources and had not attempted to depose the lower level employees.).

The Court notes that Mr. Dillon was named CEO of TransAct in April of 2023.  Plaintiff has been unable to identify with specificity any information or knowledge that Mr. Dillon has gleaned in the short period following his appointment to CEO that provides Mr. Dillon with some unique knowledge of the current litigation.[1]  In contrast, TransAct has identified three apex level executives that CM Systems is planning on deposing during the next several days who supposedly have greater knowledge of the topics at issue than Mr. Dillon.  One of the three apex executives is TransAct's CFO.[2]  If, following the currently scheduled depositions of the other executives, CM Systems has been unable to obtain relevant information that it

---

[1] Some of the information plaintiff relies upon was generated when Mr. Dillon was a member of the board.  As TransAct notes, the other board members have knowledge of this information too.

[2] During oral argument, one of the topics that CM Systems claimed Mr. Dillon would be able to address was executive compensation.  The parties argued over the relevance of this topic.  While the Court does not see how this topic is relevant, the Court notes that TransAct represents that the CFO would also have knowledge of this subject.

3

is seeking, then perhaps it would be appropriate to depose Mr. Dillon.  However, at this time, CM Systems has not shown sufficient reason to impose the time and financial burden of a deposition on Mr. Dillon.[3]

The defendant's motion for a protective order is granted. After CM Systems deposes the apex witnesses who have been identified by TransAct as having superior knowledge of the subjects compared to Mr. Dillon, plaintiffs may renew their request to depose Mr. Dillon upon a showing that Mr. Dillon has some unique factual information and institutional knowledge.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 10th day of May, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge

---

[3] During oral argument plaintiff mentioned that the defendant has noticed the deposition of plaintiff's CEO, ostensibly as a reason why Mr. Dillon should be subject to a deposition as well. This is not a situation where what is good for the goose is good for the gander. The Court notes that plaintiff's CEO has held the position of CEO for a much longer period of time than Mr. Dillon.  Additionally, and of greater importance, CM Systems' CEO signed off on discovery responses provided by CM Systems.

4