**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CM SYSTEMS, LLC,<br>    Plaintiff | : | CIVIL CASE NO.<br>3:22-CV-00624 (JCH) |
| v. | : | |
| TRANSACT TECHNOLOGIES, INC.,<br>    Defendant. | : | OCTOBER 6, 2023 |

**RULING ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR A TEMPORARY STAY (DOC. NO. 134)**

The defendant, TransAct Technologies, Inc. ("TransAct") moves to enforce an alleged settlement agreement between TransAct and the plaintiff, CM Systems, LLC ("CM Systems" or "CM"). See Mot. to Enforce Settlement Agreement ("Mot.") (Doc. No. 134); see also Reply to Response ("Reply") (Doc. No. 190). CM Systems opposes this motion. See Response to Def.'s Mot. to Enforce Settlement Agreement ("Opp.") (Doc. No. 164). The parties principally dispute whether the second proposal contained in CM Systems' March 31, 2023 letter constitutes an offer and whether TransAct's April 1, 2023 letter thus constitutes an acceptance. See Def.'s Ex. 1 to Richstmeier Decl. ("CM Letter") (Doc. No. 134-7); Def.'s Ex. 2 to Richstmeier Decl. ("TransAct Letter") (Doc. No. 134-8).

Whether an "informal contract . . . is enforceable or merely an intention to negotiate a contract in the future" is determined from "(1) the language used, (2) the circumstances surrounding the transaction, and (3) the purpose that [the parties] sought to accomplish." Squillante v. Cap. Region Dev. Auth., 208 Conn. App. 676 (2021) (quoting Fowler v. Weiss, 15 Conn. App. 690, 693 (1988)). Enforceability also

1

"require[s] definite agreement on the essential terms" <u>Squillante</u>, 208 Conn. App. at 699 (quoting <u>Willow Funding Co., L.P. v. Grencom Assoc.</u>, 63 Conn. App. 832, 845 (2001)).

As CM Systems argues, the language in its letter clearly represents an invitation or solicitation of an offer.  <u>See</u> Opp. at 1-2; <u>see also</u> CM Letter ("Alternatively, *we would accept* . . . for the life of the patents, calculated on revenue received for the checklist and temperature monitor applications, and the hardware supplied to execute the applications . . ." (emphasis added)).  The plain meaning of this proposal in no way manifests a present and objective intent to create an offer.  Rather, CM has explicitly reserved the power of acceptance for itself.

Furthermore, the circumstances surrounding the letter and defendant's claimed acceptance—notably the lack of agreement on essential terms—demonstrate that the parties did not form a contract.  <u>See</u> <u>Santos v. Massad-Zion Motor Sales Co., Inc.</u>, 160 Conn. App. 12, 24 (2015) (holding the settlement agreement as unenforceable because it "lacked definitive language" and was "susceptible to dispute").  The parties disagree on the universe of materials upon which royalties would be calculated, whether the alleged agreement releases upstream entities and encompasses patents issued later, and whether the price list constitutes a reference that fills in definition gaps.  <u>See generally</u> Mot.; Opp.  The dispute regarding the definition of "hardware" is particularly notable given that it would determine the amount of revenue CM would receive.  <u>See, e.g.</u>, CM Letter ("we would accept . . . calculated on revenue received for . . . applications and the hardware supplied to execute the applications.").  TransAct argues that the hardware does not include BOHA! Workstation and BOHA! Terminal, because they are not "supplied to execute the applications."  <u>See</u> Mot. at 7; <u>see also</u> TransAct

Letter.  However, as CM counters in its Opposition, in its letter, CM made clear its position that "terminal and workstation play a role in the ability of the [apps] to function." Opp. at 7; CM Letter.  While TransAct argues that this constitutes a factual dispute that can be resolved in future litigation or arbitration for breach of contract, see Mem. at 10, the existence of this dispute is evidence that no contract exists.  See Office Furniture Rental Alliance, LLC v. Liberty Mut. Fire Ins. Co., 981 F. Supp. 2d 111, 117 (D. Conn. 2013) ("If the minds of the parties have not met, no enforceable contract exists.").  The parties' objective intentions as manifested by plain language guide the interpretation of a contract; see Levine v. Massey, 232 Conn. 272, 278-79 (1995); and here, CM explicitly relayed what it considers "hardware supplied to execute the applications", thus, whether BOHA! Terminal and BOHA! Workstation are actually supplied to execute the applications is inapposite.  Cf. Id. at 278 (discussing the court's role in adhering to the words conveyed).  Moreover, the fact that CM communicated its position regarding the inclusion of terminal and workstation in its letter is demonstrative of CM's lack of intent to enter into an agreement that would exclude both.  See Squillante, 208 Conn. App. at 690 ("Clearly, an essential term is one without which a party would not have entered into an agreement.").

      Additionally, shortly after receiving TransAct's response, CM's counsel emailed TransAct's counsel declaring that no contract existed because TransAct's response constituted a counteroffer.  See Opp. at 12-13; Def.'s Ex. 2 to Cohen Decl. at 3.  Thus, at no point did the parties behave or act on the ostensible agreement such that either party could invoke promissory estoppel.

3

Assuming, arguendo, TransAct is correct in that CM's proposition constituted an offer and not an invitation to deal/negotiate, TransAct's response modified the terms, see TransAct Letter, which would have constituted a rejection and counteroffer.  Cf. Peartree Properties, LLC v. Brandau, 2014 WL 6764954, at *1 (Conn. Super. Ct. Oct. 9, 2014) ("[a] reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer" (citations omitted)).  As mentioned briefly supra, see p. 2, the parties disagree on a number of terms, and their Memorandums illustrate that their positions directly contradict each other.  Consequently, CM's letter and TransAct's response do not constitute an offer and acceptance, and no enforceable contract exists.

For the reasons stated herein, the court denies TransAct's Motion to Enforce Settlement Agreement and for a Temporary Stay (Doc. No. 134).

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of October 2023.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge

4